UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,                   Case No. 2:19-cv-257
    Plaintiff,

                                                  Black, J.
    vs.                                              Bowman, M.J.

ANDREW EDDY, et al.,                 **REPORT AND**
    Defendants.                       **RECOMMENDATION**

Plaintiff Jerone McDougald, an inmate at the Southern Ohio Correctional Facility and frequent filer in this Court,[1] brings this prisoner civil rights action under 42 U.S.C. § 1983 against defendants Andrew Eddy and Jane Doe/John Doe.[2] This matter is before the Court on plaintiff's motion to proceed *in forma pauperis*. (Doc. 1). For the reasons that follow, plaintiff's motion should be denied.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

---

[1] As of this date, plaintiff has filed twenty-two cases in the Southern District of Ohio. *See McDougald v. Erdos*, 1:19-cv-107 (TSB: SKB) (S.D. Ohio Feb. 11, 2019); *McDougald v. Eddy,* 2:19-cv-257 (TSB; SKB) (S.D. Ohio Jan. 25, 2019); *McDougald v. Smoot*, 1:19-cv-50 (SJD; KLL) (S.D. Ohio Jan. 22, 2019); *McDougald v. Bear,* 1:18-cv-498 (TSB; KLL) (S.D. Ohio July 23, 2018); *McDougald v. Erdos*, 1:18-cv-135 (MRB; SKB) (S.D. Ohio Feb. 23, 2018); *McDougald v. Clagg*, 1:18-cv-93 (TSB; SKB) (S.D. Ohio Feb. 9, 2018); *McDougald v. Eaches*, 1:18-cv-80 (MRB; SKB) (S.D. Ohio Feb. 5, 2018); *McDougald v. Erdos*, 1:17-cv-464 (MRB; SKB) (S.D. Ohio July 10, 2017); *McDougald v. Dillow*, 1:17-cv-196 (MRB; KLL) (S.D. Ohio Mar. 27, 2017); *McDougald v. Dunlap*, 1:17-cv-127 (MRB; SKB) (S.D. Ohio Feb. 24, 2017); *McDougald v. Bear*, 1:17-cv-124 (MRB; SKB) (S.D. Ohio Feb. 21, 2017); *McDougald v. Erdos*, 1:17-cv-95 (SJD; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Sammons*, 1:17-cv-91 (MRB; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Lt. Stone*, 1:17-cv-72 (SJD; SKB) (S.D. Ohio Feb. 1, 2017); *McDougald v. Dillow*, 1:16-cv-1099 (MRB; SKB) (S.D. Ohio Nov. 23, 2016); *McDougald v. Eaches*, 1:16-cv-900 (SJD; KLL) (S.D. Ohio Sept. 6, 2016); *McDougald v. Davis*, 1:16-cv-633 (SJD) (June 10, 2016); *McDougald v. Davis*, 2:16-cv-545 (GCS; KAJ) (S.D. Ohio June 10, 2016); *McDougald v. Ahmad,* 1:16-cv-500 (SJD; SKB) (S.D. Ohio Apr. 28, 2016); *McDougald v. Esham*, 1:16-cv-497 (SJD; KLL) (S.D. Ohio Apr. 27, 2016); *McDougald v. Mahlman*, 1:16-cv-317 (TSB; SKB) (S.D. Ohio Feb. 16, 2016); *McDougald v. Timberlake*, 1:08-cv-744 (MRB; JGW) (S.D. Ohio Oct. 29, 2008).

[2] This action is related to another of plaintiff's cases, which remains pending before the Court. *See McDougald v. Clagg*, 1:18-cv-93 (TSB; SKB) (S.D. Ohio Feb. 9, 2018).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. McDougald is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice for failure to state a claim upon which relief may be granted. *See McDougald v. Sammons*, Case No. 1:17-cv-91 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Feb 10, 2017) (Doc. 7, 10, 11) (dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)); *McDougald v. Stone*, Case No. 1:17-cv-72 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Feb. 1, 2017) (Doc. 5, 17, 20, 26, 27) (dismissal for failure to state a claim upon which relief may be granted); *McDougald v. Ahmad*, Case No. 1:16-cv-500 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Apr. 28, 2016) (Doc. 27, 34, 35) (dismissal for judgment on the pleadings for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)). The previous three dismissals for failure to state a claim upon which relief may be granted prevent Mr. McDougald from obtaining pauper status in the instant action.

In view of his three "strikes," Mr. McDougald may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in

accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) be **DENIED.**

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

     3.   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JERONE MCDOUGALD,                    Case No. 2:19-cv-257
    Plaintiff,

                                                     Black, J.
vs.                                                        Bowman, M.J.

ANDREW EDDY, et al.,
    Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).