UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,  
    Plaintiff/Appellant

vs.

ANDREW EDDY, et al.,  
    Defendants.

Case No. 2:19-cv-257

Black, J.  
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Jerone McDougald, an inmate at the Southern Ohio Correctional Facility and frequent filer in this Court,[1] filed a prisoner civil rights action under 42 U.S.C. § 1983. On April 22, 2019, the Court entered an Order denying plaintiff's motion for leave to proceed *in forma pauperis* on account of his having filed three or more prior complaints have been dismissed with prejudice for failure to state a claim and plaintiff failed to meet statutory exception set forth in 28 U.S.C. § 1915(g). (Doc. 6). Plaintiff/appellant has filed a notice of appeal and motion for leave to appeal *in forma pauperis*. (Docs. 7, 8).

Plaintiff/appellant's motion for leave to appeal *in forma pauperis* should be denied on the ground that plaintiff/appellant is prohibited from obtaining pauper status on appeal pursuant to

---

[1] As of this date, plaintiff has filed over 20 cases in the Southern District of Ohio. *See McDougald v. Erdos*, 1:19-cv-107 (TSB: SKB) (S.D. Ohio Feb. 11, 2019); *McDougald v. Eddy,* 2:19-cv-257 (TSB; SKB) (S.D. Ohio Jan. 25, 2019); *McDougald v. Smoot*, 1:19-cv-50 (SJD; KLL) (S.D. Ohio Jan. 22, 2019); *McDougald v. Bear,* 1:18-cv-498 (TSB; KLL) (S.D. Ohio July 23, 2018); *McDougald v. Erdos*, 1:18-cv-135 (MRB; SKB) (S.D. Ohio Feb. 23, 2018); *McDougald v. Clagg*, 1:18-cv-93 (TSB; SKB) (S.D. Ohio Feb. 9, 2018); *McDougald v. Eaches*, 1:18-cv-80 (MRB; SKB) (S.D. Ohio Feb. 5, 2018); *McDougald v. Erdos*, 1:17-cv-464 (MRB; SKB) (S.D. Ohio July 10, 2017); *McDougald v. Dillow*, 1:17-cv-196 (MRB; KLL) (S.D. Ohio Mar. 27, 2017); *McDougald v. Dunlap*, 1:17-cv-127 (MRB; SKB) (S.D. Ohio Feb. 24, 2017); *McDougald v. Bear*, 1:17-cv-124 (MRB; SKB) (S.D. Ohio Feb. 21, 2017); *McDougald v. Erdos*, 1:17-cv-95 (SJD; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Sammons*, 1:17-cv-91 (MRB; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Lt. Stone*, 1:17-cv-72 (SJD; SKB) (S.D. Ohio Feb. 1, 2017); *McDougald v. Dillow*, 1:16-cv-1099 (MRB; SKB) (S.D. Ohio Nov. 23, 2016); *McDougald v. Eaches*, 1:16-cv-900 (SJD; KLL) (S.D. Ohio Sept. 6, 2016); *McDougald v. Davis*, 1:16-cv-633 (SJD) (June 10, 2016); *McDougald v. Davis*, 2:16-cv-545 (GCS; KAJ) (S.D. Ohio June 10, 2016); *McDougald v. Ahmad,* 1:16-cv-500 (SJD; SKB) (S.D. Ohio Apr. 28, 2016); *McDougald v. Esham*, 1:16-cv-497 (SJD; KLL) (S.D. Ohio Apr. 27, 2016); *McDougald v. Mahlman*, 1:16-cv-317 (TSB; SKB) (S.D. Ohio Feb. 16, 2016); *McDougald v. Timberlake*, 1:08-cv-744 (MRB; JGW) (S.D. Ohio Oct. 29, 2008).

the "three strikes" provision set forth in 28 U.S.C. § 1915(g). A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. McDougald is prohibited by § 1915(g) from proceeding *in forma pauperis* on appeal in this case because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice for failure to state a claim upon which relief may be granted. *See McDougald v. Sammons*, Case No. 1:17-cv-91 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Feb 10, 2017) (Doc. 7, 10, 11) (dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)); *McDougald v. Stone*, Case No. 1:17-cv-72 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Feb. 1, 2017) (Doc. 5, 17, 20, 26, 27) (dismissal for failure to state a claim upon which relief may be granted); *McDougald v. Ahmad*, Case No. 1:16-cv-500 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Apr. 28, 2016) (Doc. 27, 34, 35) (dismissal for judgment on the pleadings for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)). The previous three dismissals for failure to state a claim upon which relief may be granted prevent Mr. McDougald from obtaining pauper status in the instant action.

In view of his three "strikes," Mr. McDougald may not proceed *in forma pauperis* on appeal unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which

2

applies to prisoners who are "under imminent danger of serious physical injury." "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315. *See also Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (finding that the prisoner appellant was not entitled to pauper status on appeal where he failed to establish that he faced imminent danger of serious physical injury at the time the appeal was filed). Plaintiff/appellant has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he filed his notice of appeal, which would enable him to proceed on appeal *in forma paupers* despite his prior three strikes. *See* 28 U.S.C. § 1915(g). Accordingly, plaintiff/appellant is not entitled to proceed on appeal without paying the filing fee.

It is therefore **RECOMMENDED** that plaintiff/appellant's motion to proceed *in forma pauperis* on appeal (Doc. 8) be **DENIED**.

     *s/ Stephanie K. Bowman*
     Stephanie K. Bowman
     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD, | Case No. 2:19-cv-257 |
| Plaintiff/Appellant | |
| | Black, J. |
| vs. | Bowman, M.J. |
| | |
| ANDREW EDDY, et al., | **REPORT AND** |
| Defendants. | **RECOMMENDATION** |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4